FERNANDO C. PUJALS & BROS., INC., Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 547.      Decided October 15, 1963.

*J. B. Fernández Badillo, Solicitor General,* and *Rodolfo Cruz Contreras, Acting Solicitor General,* for appellant. *E. Acosta Domenech* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Secretary of the Treasury denied the reimbursement of $117.11 requested by appellee herein, Fernando C. Pujals & Bros., Inc., which he had paid for taxes on a certain amount of sugar-coated almonds which he had introduced into Puerto Rico. The taxpayer appealed before the Superior Court, San Juan Part, alleging that the almonds were tax exempt by law, and, after a trial on the merits, said court rendered judgment granting the petition and ordering the reimbursement requested. On motion of the Secretary of the Treasury we issued a writ to review said judgment.

Section 10 (b) of the "Excise Act of Puerto Rico" levies a tax on candy and chewing gum.

Section 23 (a), (13 L.P.R.A. § 4023), specifies the items considered as candy and chewing gum and in subsection (b)

certain exemptions were established among which are the almonds when they are lightly covered with molasses or sugar. The Act provides:

"§ 4023. Candy and chewing gum

(a) *Articles Taxed.* The tax on candy and chewing gum, at the rates prescribed in section 4010 of this title, shall apply to the following except as provided in subsection (b) below:

(1) Any bonbon, confectionery or article commonly or commercially known as 'candy';

. . . . . . . .

(b) *Articles not Taxed.* The tax on candy and chewing gum shall not apply to:

. . . . . . . .

(6) peanuts, nuts, almonds and pecans, when lightly covered with molasses or sugar;"

The Superior Court concluded that "said almonds (California almonds imported by the plaintiff) have a relatively thick and hard coating of sugar syrup, similar to those imported from France and Italy. The California almonds are different from the others in that they are smaller and round and less uniform in size. Strictly speaking it cannot be said, that the covering on any of them is light. However, nowhere in Puerto Rico or the world market is there, according to the evidence, any other type of almond except those two. Therefore, it is not conceivable that our Legislature may have referred to any other kind when exempting from taxation the almonds lightly covered with sugar."

■■ Really, the Superior Court, upon reading the clear language of § 23 (b) (6), excluded from its context the adverb *lightly* and interpreted the law as if it read *"peanuts, nuts, almonds and pecans, when covered with molasses or sugar."* We agree with the Secretary of the Treasury that in doing so, said court departed from the well-settled rules of construction of tax statutes. We have repeatedly said that tax exemptions, being a legislative grace, should be

strictly construed, and that exemptions are not presumed but must be stated in clear and precise language.[1]

■ The exemption allowed by the statute in the case at bar is limited to peanuts, nuts, almonds and pecans *when they are lightly covered with molasses or sugar*. Therefore it excludes from exemption these same products when the coat of molasses or sugar is not light. So that the exemption applies to almonds coated with molasses or sugar when the covering is light, thin and soft. But the trial court concluded, and we so confirmed it upon examining the objective evidence brought to this Court, that the California almonds introduced by the plaintiff into Puerto Rico, are covered by a relatively thick, hard and resistant coat of sugar and other ingredients. They are not almonds *lightly* covered with molasses or sugar which are the only ones tax exempt by law.

There is nothing in the statute to show the legislative intent to establish a tax exemption for sugar-coated almonds,

---

[1] See: *Teachers' Association, Etc.* v. *Treasurer*, 54 P.R.R. 511, 517 (1939); *Monllor & Boscio, Sucrs.* v. *Sancho, Treas.*, 61 P.R.R. 63, 70 (1942); *Puerto Rico Ilustrado* v. *Buscaglia, Treas.*, 64 P.R.R. 870, 875 (1945); *National Hats Co.* v. *Sancho, Treas.*, 65 P.R.R. 226, 229–230 (1945); *Crown Beverages* v. *Buscaglia, Treas.*, 65 P.R.R. 766, 772, footnote 5 (1946); *Buscaglia, Treas.* v. *Tax Court*, 67 P.R.R. 53, 61 (1947); *Chamber of Commerce* v. *Tax Court*, 67 P.R.R. 400, 404 (1947); *Buscaglia, Treas.* v. *Tax Court*, 68 P.R.R. 34, 36 (1948); *Ochoa Fertilizer* v. *Tax Court*, 68 P.R.R. 394, 400–401 (1948); *Central Coloso* v. *Tax Court*, 70 P.R.R. 62, 65 (1949); *Destilería Serrallés* v. *Tax Court*, 70 P.R.R. 65, 68 (1949); *Buscaglia, Treas.* v. *Tax Court*, 70 P.R.R. 210, 215 (1949); *Wood* v. *Tax Court*, 71 P.R.R. 216, 218 (1950); *Descartes, Treas.* v. *Tax Court*, 71 P.R.R. 440, 448 (1950); *Descartes, Treas.* v. *Tax Court*, 71 P.R.R. 479, 483 (1950); *Sucn. Serrallés* v. *Tax Court*, 73 P.R.R. 33, 36 (1952); *Treasurer of Puerto Rico* v. *Tax Court*, 73 P.R.R. 450, 457 (1952); *Treasurer* v. *Tax Court*, 73 P.R.R. 830, 836 (1952); *Francis* v. *Tax Court*, 74 P.R.R. 18, 23–25 (1952); *Bacardí Corp.* v. *Tax Court; Sec. of Treas., Int.*, 75 P.R.R. 123, 129–130 (1953); *Flax* v. *Treasurer*, 76 P.R.R. 365, 370–371 (1954); *Emmanuelli* v. *Sec. of the Treasury*, 76 P.R.R. 889, 893–894 (1954); *School of Commerce* v. *Tax Court; Treas. of P.R., Int.*, 77 P.R.R. 830, 836 (1955); *Cía. Ferroviaria* v. *Sec. of the Treasury*, 80 P.R.R. 507, 518 (1958); *The Texas Co.* v. *Tax Court; Descartes, Int.*, 82 P.R.R. 129 (1961).

which were in the market.[2] On the contrary the legislature used the adverb *lightly*, and we have to give this word the meaning it embodies. When the Legislature has expressed itself in clear and unambiguous language, as it has in subsection (b) (6) of § 23, the text of the Act is the perfect expression of the legislative intent. *López* v. *Muñoz, Governor*, 81 P.R.R. 328, 336–338 (1959).

Whether or not the almonds shall be tax exempt when they are covered with molasses or sugar, even though the coat is thick, hard and strong, because they are the only ones in the market in Puerto Rico, is a question to be decided by the Legislature and not by us.

■ The courts have no authority to create an exemption by eliminating part of the unambiguous language of a tax statute. *Community of the Heirs of Fajardo* v. *Tax Court*, 73 P.R.R. 499–513 (1952).

For the reasons stated, the judgment rendered by the Superior Court will be reversed and another rendered instead dismissing the complaint.

---

[2] In *Atiles, Mgr. State Ins. Fund* v. *Industrial Comm'n*, 77 P.R.R. 15–20 (1954), we said that it is the duty of the court to adhere to the letter of the law, but we must not adopt a literal interpretation when it results contrary to the authentic general intention and the true purpose of the legislature and shall obviously lead to absurd or unreasonable results. We also stated that if such were the legislative intent and the text of the law leaves no room for assuming a different purpose on the part of the lawmaker which might be more rational and fair, the court shall not impose its own judgment of justice and reasonableness, and must respect the legislative intent.